**XIAN QIANG OU, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Alberto R. Gonzales,\* Attorney General, Respondent.**

**No. 05–4865–ag.**

United States Court of Appeals, Second Circuit.

Aug. 31, 2006.

Khagendra Gharti–Chhetry, Chhetry & Associates, P.C., New York, NY, for Petitioner.

Anthony Payne, Assistant United States Attorney for the District of Columbia (Kenneth L. Wainstein, United States Attorney; Madelyn E. Johnson and Tricia Francis, Assistant United States Attorney) (on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Xiang Qiang Ou, through counsel, petitions for review of the August 2005 order affirming the Immigration Judge's (Gabriel C. Videla) decision denying his applications for asylum and withholding of removal. We assume familiarity with the underlying facts and the procedural history.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

The BIA properly affirmed the IJ's finding that Ou failed to prosecute his applications for asylum and withholding of deportation, and thus the applications were waived. Pursuant to 8 C.F.R. § 1003.31(c), "[an] Immigration Judge may set and extend time limits for the filing of applications and related documents.... If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." *See also Hassan v. Gonzales,* 403 F.3d 429, 436 (6th Cir.2005).

Ou failed to file his application and supporting documents within the generous deadlines afforded to him by the IJ. He filed his original asylum application on April 24, 1994. Despite numerous extensions by the IJ, he never produced additional documents that he alleged he would receive from China and was unable to represent to the IJ that his new application was accurate and complete. On September 12, 2003, the IJ granted Ou a three-month continuance and scheduled a hearing for December 5, 2003, warning him that he must review the asylum application, file any necessary amendments, and file any other documents upon which he would rely by that date. The IJ also warned Ou and his counsel that if they failed to comply, he would rule that he had waived his opportunity to pursue his claims for relief.

Ou did not fulfill any of the IJ's requests and was unable to show reasonable cause for failing to do so. Thus, the IJ was permitted to deny Petitioner's application for relief on the basis that it had been waived. *See* 8 C.F.R. § 1003.31(c). Accordingly, we conclude that the BIA appropriately dismissed Ou's appeal.[1]

We have considered all other arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

---

1. We note that Ou is currently pursuing an adjustment of status application.